Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Jaimee Hocker (SBN 363667)
jhocker@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 1100
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Joseph Raposa*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH RAPOSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAY ALARM COMPANY, a California corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FRAUD**<br><br>**(2) VIOLATIONS OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT (CALIFORNIA PENAL CODE § 502(e))** |

## I. INTRODUCTION

1. When consumers visit Defendant Bay Alarm Company's ("Defendant") website at https://www.bayalarm.com/, Defendant displays a consent banner that provides every visitor, including Plaintiff, a choice as to whether they agree to be tracked by "cookies and other trackers". However, even if a visitor elects not to be tracked, Defendant allows both tracking technologies to be installed on visitor's computer, including data mining scripts from registered data brokers (the "Data Broker Software"). The Data Broker Software is comprised of advanced technology that accesses the computer of the website visitor to obtain information about the computer (and thus, the computer user). The Data Broker Software also adds small data files to computers visiting the Website so that Defendant can monitor visitor's browsing habits.

2. Plaintiff did not consent to having their computer accessed and used in this manner. In fact, Plaintiff did the opposite and opted out of tracking by any means. Even though Defendant affirmatively represents that users could browse the Website without being tracked, followed, or targeted by third-party data broker (let alone by having their computer accessed and used for the purpose of commercial surveillance). Those representations are false. Due to the nature of Defendant's misrepresentation, consent cannot be provided as a matter of law.

3. Plaintiff brings this action for violations of the CDAFA and common law fraud to obtain compensation for Defendant's misconduct, to enjoin Defendant's fraudulent practices, and for disgorgement of data unlawfully obtained, among other remedies detailed herein.

## II. JURISDICTION AND VENUE

4. Defendant is subject to jurisdiction in this state under CDAFA, which expressly provides for jurisdiction when a computer is unlawfully accessed in California. In particular, Cal. Penal Code § 502(j) provides: For purposes of bringing a civil or a criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction.

5. The injuries, damages and/or harm upon which this action is based, occurred or arose out of activities engaged in by Defendants within, affecting, and emanating from, the State

of California. Defendants regularly conduct and/or solicit business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from products and services provided to persons in the State of California. Defendants have engaged, and continues to engage, in substantial and continuous business practices in the State of California.

6. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians (including instances in which the website operates as a "gateway" to sales), such that the website "is the equivalent of a physical store in California." Since this case involves unlawful conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

7. Finally, Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

## III. PARTIES

8. Plaintiff is a resident of California who accessed Defendant's website in California when their computer was accessed and used.

9. Defendant is a California corporation that [offers security systems and monitoring services. It operates its website throughout the United States and in this County.

10. Plaintiff identifies Doe Defendants 1 through 10 as unknown entities that Defendant directed and controlled to participate in implementing or maintaining Defendant's surveillance system. Plaintiff will seek leave to amend this Complaint to identify these entities when Defendant's discovery responses reveal their true names and roles.

11. Each Doe Defendant acted as Defendant's agent or employee in Defendant's implementation of the surveillance scheme described herein. Each DOE Defendant operated

within the scope of its relationship with Defendant and participated with Defendant in the common plan to unlawfully track California residents for Defendant's commercial gain

## IV. FACTUAL ALLEGATIONS

12. Plaintiff visited the Website on May 21, 2026. Plaintiff was physically present in California at the time. At the time of their visit, Plaintiff was presented with a consent banner that misleadingly makes them believe that they have the ability to accept or reject the use of tracking software. Plaintiff rejected the use of tracking technologies, however, Defendant nonetheless caused Data Broker Software to access Plaintiff's device, allowing the Data Brokers to install a data mining script on Plaintiff's computer, and allowing Data Brokers to install data files to be placed on Plaintiff's browser for enhanced long-term surveillance of Plaintiff's internet behavior.

13. Defendant fraudulently and deceptively informed Plaintiff that they could opt out of tracking, therefore allowing the Data Broker software on Plaintiff's computer.

14. The Data Broker Software on the Website is a data mining script which functions by obtaining information accessed from a visitor's computer, including computer make and model, information regarding the fonts and display settings on Plaintiff's computer and other browser information, routing information, and other technical characteristics. The Data Broker Software copies this information and transfers it to their servers, where it then makes use of the information by matching the above information with existing profiles in pre-existing data broker databases. The Data Brokers do this in order to learn the identity of the website visitor.

15. The Data Broker Software also monitors and records Website visitors' browsing by installing a small tracking data file on their device. This allows third parties like the Data Brokers to observe website visitor's subsequent behaviors and communications, including their browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data—including whether a user is located in California.

16. The Data Broker Software is a computer contaminant. The Data Broker Software is designed to, and does, self-propagate to contaminate users' computers, computer systems, and computer networks to record and transmit data that would not otherwise be transmitted or recorded

in the normal operation of the computers, computer systems, and computer networks. These technologies usurp the normal operation of computing devices, including Plaintiff's device, because they supplant Plaintiffs' choices in how those devices and their resources are used, in effect turning their computer into a surveillance device.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of CDAFA (Cal. Penal Code. § 502)

17. Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

18. The California Comprehensive Computer Data Access and Fraud Act ("CDAFA") Cal. Penal Code. § 502(a)-(e), makes it unlawful for parties to obtain data from a computer user outside of the scope of their authorization.

19. The stated legislative intent of CDAFA is to "expand the degree of protection afforded to individuals, businesses, and governmental agencies from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems." Cal. Penal Code § 502(a). The Legislature did not limit CDAFA to "hacking" in the colloquial sense. Rather, the Legislature expressly declared that CDAFA should apply to various "forms of unauthorized access to computers, computer systems, and computer data" and serve to protect "the integrity of all types and forms of lawfully created computers, computer systems, and computer data," and that doing so was vital to protect the privacy of individuals. Cal. Penal Code § 502(a).

20. Under CDAFA, it is unlawful to knowingly take, copy or make use of any data from a computer. Cal. Penal Code § 502(c)(2).

21. The Data Broker Software "copies" information contained on Plaintiff's computer, including browser information, computer make and model, routing information, and other technical characteristics in violation of Cal. Penal Code § 502(c)(2).

22. The Data Broker Software also "makes use of" information contained on Plaintiff's computer by matching the above information with existing profiles in pre-existing data broker databases. The Data Brokers do this in order to learn the identity of the website visitor.

23. Similarly, adding "data, computer software, or computer programs" to a device without consent violates CDAFA. Cal. Penal Code § section 502(c)(4).

24. The Data Broker Software adds data in the form a small data file to Plaintiff's computer, so that it can track Plaintiff's movements on the website, and on other websites Plaintiff might visit.

25. Penal Code Section 502(c)(6) makes third parties liable if they "[k]nowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section." By allowing the Data Broker Software to operate on its website, despite stating that it will not do so when a user elects not to be tracked, Defendant has knowingly and without permission assisted the Data Brokers in accessing Plaintiff's computer.

26. Similarly, Defendant's collaboration with the Data Brokers to subvert the purposes and functionality of their consent banner, the unauthorized copying and use of Plaintiff's information has also overcome a technical barrier (the consent banner itself) to obtain unauthorized access to Plaintiff's computer.

27. Section 502(e) provides a private right of action for "compensatory damages and injunctive relief or other equitable relief." Additionally, a court may award reasonable attorney's fees and punitive damages on a case-by-case basis.

28. Defendant's use of Data Broker Software with the explicit intent of accessing, copying, and making use of data from Plaintiff's computer for tracking without consent violates CDAFA.

**SECOND CAUSE OF ACTION**

**(Fraud)**

29. Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

30. Defendant fraudulently and deceptively informed Plaintiff that they could opt out of tracking.

31. However, despite Defendant's representations otherwise, Defendant caused Data Broker Software to access Plaintiff's device, allowing the Data Brokers to obtain, copy, and make

use of data to be assimilated to existing Data Broker records, and allowing a data file to be placed on Plaintiff's computer, for enhanced long-term surveillance of Plaintiff's internet behavior.

32. These misrepresentations and omissions were known exclusively to, and actively concealed by Defendant, not reasonably known to Plaintiff, and material at the time they were made.

33. Defendant knew, or should have known, how the Website functioned, including the Data Broker Software it installed on the Website, through testing the Website, evaluating its performance metrics by means of their accounts with the Data Brokers, or otherwise, and knew, or should have known, that the Website's programming allowed the data files to be placed on users' (including Plaintiff's) browsers and devices and/or transmitted to the Data Brokers even after users attempted to opt out of tracking, which Defendant promised their users they could do.

34. Defendant's misrepresentations and omissions concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to use the Website. In misleading Plaintiff not informing them, Defendant breached their duties to Plaintiff. Defendant also gained financially from, and as a result of, their breach.

35. Plaintiff relied to their detriment on Defendant's misrepresentations and fraudulent omissions.

36. Plaintiff has suffered an injury-in-fact, including the loss of money and/or property, as a result of Defendant's unfair, deceptive, and/or unlawful practices, including the unauthorized interception their browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data, which have value as demonstrated by the use and sale of consumers' browsing activity, as alleged above. Plaintiff has also suffered harm in the form of diminution of the value of his and their private and personally identifiable information and communications.

37. Defendant's actions caused damage to and loss of Plaintiff's property right to control their computer, and the dissemination and use of their personal information and communications.

38. Defendant's representation that consumers could and opt out of tracking was untrue. Had Plaintiff known these facts, they would not have used the Website. Had Defendant disclosed that it caused data files to be stored on Website visitors' devices that cause the disclosure of their device information to data brokers, Plaintiff would have noticed it and would not have interacted with the Website.

39. By and through such fraud, deceit, misrepresentations and/or omissions, Defendant intended to induce Plaintiff to alter their positions to their detriment. Specifically, Defendant fraudulently and deceptively induced Plaintiff to, without limitation, use the Website under the mistaken belief that Defendant would not permit third parties to track users like Plaintiff when they chose to reject this type of tracking. As a result, Plaintiff provided more personal data than they would have otherwise.

40. Plaintiff justifiably and reasonably relied on Defendant's misrepresentations and omissions, and, accordingly, were damaged by Defendant's conduct.

41. As a direct and proximate result of Defendant's misrepresentations and/or omissions, Plaintiff has suffered damages, as alleged above, and are entitled to just compensation, including monetary damages.

42. Plaintiff seeks punitive damages because Defendant's actions were malicious, oppressive, and willful, and were calculated to injure Plaintiff and made in conscious disregard of Plaintiff's rights and Plaintiff's rejection of tracking technologies. Punitive damages are warranted to deter Defendant from engaging in future misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a. Compensatory damages, including any expenditure reasonably and necessarily incurred by Plaintiff in protecting their data. Cal. Penal Code § 502(e)(1);

b. An order enjoining violations of CDAFA. Cal. Penal Code § 502(e)(1);

c. Disgorgement of money and data derived from Defendant's illicit use of the Data Broker software. Cal. Penal Code § 502(e)(1);

d. Attorney's fees pursuant to Cal. Penal Code § 502(e)(2); and

e. Punitive damages Cal. Penal Code § 502(e)(4).

f. For costs of suit;

g. For any and all other relief, at law or equity, that may be appropriate.

DATED: November 6, 2026

TAULER SMITH LLP

By: */s/ Robert Tauler*

Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Joseph Raposa*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: November 6, 2026

TAULER SMITH LLP

By: *_/s/ Robert Tauler_*

Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Joseph Raposa*